SAMUEL L. AMBROSE, INDIVIDUALLY AND AS TRANSFEREE, AND BETTER RECORDS, INC., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ambrose v. Commissioner
Docket No. 9139-76.
United States Tax Court
T.C. Memo 1978-355; 1978 Tax Ct. Memo LEXIS 159; 37 T.C.M. (CCH) 1489; T.C.M. (RIA) 78355; September 11, 1978, Filed John P. Graham, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined Federal income tax deficiencies and additions to tax as follows: Addition to Tax Petitioner
Year
Deficiency
Sec. 6653(a) [1]
Samuel L. Ambrose,
Individually
1971
$ 20,234.01
$ 1,011.70
1972
44,024.29
2,201.21
Better Records,
Taxable
Inc.
Year Ended
6/30/71
39,499.69
1,974.98
Taxable
Year Ended
6/30/72
63,973.45
3,198.67
*160 Respondent also determined that Samuel L. Ambrose is liable as transferee of Better Records, Inc., transferor, for its taxable years ended June 30, 1971, and June 30, 1972, in the amount of $ 108,646.79, plus interest as provided by law. By order dated June 7, 1978, the Court's Order to Show Cause dated May 8, 1978, under Rule 91(f), Tax Court Rules of Practice and Procedure, was made absolute and the facts and evidence contained in respondent's proposed stipulation of facts, including Exhibits A through H, were deemed established for the purpose of this case. When the case was called for trial at the Cleveland Session of the Court on June 26, 1978, there was no appearance by or on behalf of the petitioners. We must decide the amount of the deficiencies and additions to tax due from Samuel L. Ambrose individually for 1971 and 1972 and from Better Records, Inc. for the taxable years ended June 30, 1971, and June 30, 1972, and whether Samuel L. Ambrose is liable as transferee of Better Records, Inc. FINDINGS OF FACT Samuel L. Ambrose (herein referred to as petitioner) *161 was a legal resident of Girard, Ohio, when he filed his petition in this case. Better Records, Inc. (herein sometimes referred to as the corporation) had its principal office in Girard, Ohio, at the time of filing its petition in this case. There are deficiencies in income taxes due from the petitioner for the taxable years 1971 and 1972 in the amounts of $ 20,234.01 and $ 44,024.29, respectively. There are additions to the tax due from the petitioner for the taxable years 1971 and 1972 under the provisions of section 6653(a) in the amounts of $ 1,011.70 and $ 2,201.21, respectively. There are deficiencies in income taxes due from the corporation for the taxable years ended June 30, 1971, and June 30, 1972, in the amounts of $ 39,499.69 and $ 63,973.45, respectively. There are additions to the tax due from the corporation under the provisions of section 6653(a) for the taxable years ended June 30, 1971, and June 30, 1972, in the amounts of $ 1,974.98 and $ 3,198.67, respectively. Better Records, Inc., was a corporation formed under the laws of the State of Ohio on or about June 30, 1970. On or about June 30, 1972, the corporation ceased its business operations, except *162 for winding up its affairs. At all times during the entire business existence of the corporation, Samuel L. Ambrose was its president and Thomas Manos was its secretary-treasurer. At all times the outstanding stock of the corporation was owned in equal one-half interests by petitioner and by Thomas Manos. From July 1, 1970, through December 31, 1970, the corporation transferred and distributed to petitioner cash in the total amount of $ 29,832.75. During the period January 1, 1971, through December 31, 1971, the corporation transferred and distributed to petitioner cash in the total amount of $ 62,305.17. During the period January 1, 1972, through December 31, 1972, the corporation transferred and distributed to petitioner cash in the total amount of $ 68,109.39. On or about June 30, 1972, the corporation transferred and distributed to petitioner $ 45,795.56 from the accounts receivable owed to it having a fair market value of $ 45,795.56. It also transferred and distributed to petitioner equipment with a fair market value of $ 2,952.35. All of the transfers and distributions from the corporation to the petitioner were without any consideration. The fair market *163 value of the assets and cash transferred by the corporation to the petitioner was in excess of the income tax deficiencies and additions to the taxes due from Better Records, Inc., plus interest thereon as provided by law. On June 30, 1971, the stockholders' equity in the corporation was $ 5,000, according to the balance sheet attached to its Federal income tax return filed for the taxable year ended June 30, 1971. This balance sheet did not reflect the deficiency in income tax due and addition to the tax due from the corporation for that taxable year. On June 30, 1972, the stockholders' equity in the corporation was $ 4,007.82, according to the balance sheet attached to its Federal income tax return filed for the taxable year ended June 30, 1972. This balance sheet did not reflect the deficiency in income tax due and addition to the tax due from the corporation for that taxable year. By reason of the transfers and distributions of cash and other assets by the corporation to petitioner, Better Records, Inc., was rendered, and is, insolvent and without assets with which to pay the deficiencies in income taxes and additions to the tax due for its taxable years ended June 30, 1971, and *164 June 30, 1972, plus statutory interest thereon. The deficiencies and additions to the taxes due from the corporation for its taxable years ended June 30, 1971, and June 30, 1972, plus statutory interest thereon, have not been paid. At the time of each of the transfers and distributions from the corporation to the petitioner, Better Records, Inc., was liable for all or part of the deficiencies in income taxes and additions to the taxes due for its taxable years ended June 30, 1971, and June 30, 1972, and both Better Records, Inc., and the petitioner intended the transfers and distributions as fraudulent conveyances to hinder, delay, or defraud creditors. By reason of the transfers of cash and other assets by the corporation to the petitioner, he became and is a transferee of assets within the meaning of section 6901 of the Code and within the meaning of Ohio Revised Code, sections 1336.01-1336.12. The liabilities due from the petitioner as transferee of assets of Better Records, Inc., transferor, for unpaid income taxes and additions to the taxes of the transferor for the taxable years ended June 30, 1971, and June 30, 1972, are as follows: *165 Year Ended June 30, 1971
Income tax
$ 39,499.69
Addition to tax ( § 6653(a), 1954 Code)
1,974.98
Liability
$ 41,474.67 plus interest as provided by law on $ 39,499.69 of the liability from September 15, 1971. Year Ended June 30, 1972
Income tax
$ 63,973.45
Addition to tax ( § 6653(a), 1954 Code)
3,198.67
Liability
$ 67,172.12 plus interest as provided by law on $ 63,973.45 of the liability for September 15, 1972. OPINION As we have previously pointed out, there was no appearance or response by either petitioner, Samuel L. Ambrose or Better Records, Inc., at the trial of this case or at the prior hearing on the Rule 91(f) motion. Consequently, the facts, set forth in respondent's proposed stipulation were deemed established by the Court's Order dated June 7, 1978. Both petitioners have the burden of proving that respondent's determinations of deficiencies and additions to tax are incorrect. They have failed to carry that burden. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Accordingly, we sustain the income tax deficiencies and additions to tax determined *166 against Samuel L. Ambrose individually and Better Records, Inc. The burden of proof is on the respondent to show that the petitioner Samuel L. Ambrose is liable as transferee of property of Better Records, Inc. Section 6902(a); Rule 142(d), Tax Court Rules of Practice and Procedure. Whether he is a transferee is a matter of state law. Commissioner v. Stern,357 U.S. 39 (1958). Thus, the provisions of Chapter 1336, Ohio Revised Code, sections 1336.01 through 1336.12, are applicable in determining the liability of the petitioner as a transferee. Section 1336.02, Ohio Revised Code, defines insolvency to include a debtor who has incurred unmatured debts to such an extent that he will not be able to meet them when they become absolute. Cellar Lumber Co. v. Holley,9 Ohio App. 2d 288, 224 N.E.2nd 360 (1967). Here the transferor, Better Records, Inc., was rendered insolvent by a series of transfers to the petitioner. Although the transferor was solvent at the time some of the transfers were made, it is settled law that where insolvency results from a series of related transfers, some of which may *167 have occurred before actual insolvency, the transferee of all the transfers is liable for the debts of the transferor. Borall Corporation v. Commissioner,167 F. 2d 865 (2d Cir. 1948), affg. a Memorandum Opinion of this Court; Botz v. Commissioner,45 B.T.A. 970 (1941), affd. 134 F. 2d 538 (8th Cir. 1943). In addition, the liability of a transferee cannot be avoided merely because the amount of tax has not been determined or assessed at the time of the transfers. It is sufficient that the liability accrued during the taxable year in which the transfers took place and largely as a result of them. Leach v. Commissioner,21 T.C. 70 (1953); Wyche v. Commissioner,36 B.T.A. 414 (1937). Section 1336.04, Ohio Revised Code, covers constructive intent to defraud. It provides: Every conveyance made and every obligation incurred by the person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration. In this case there was no consideration *168 for the transfers. Under Ohio law the burden of showing solvency of the transferor as against a creditor is on the transferee. Cellar Lumber Co. v. Holley,supra; 25 Ohio Jur. 2d (1957) 584, sec. 152, and cases cited therein. No such proof was furnished by petitioner to establish solvency. Finally, section 1336.07, Ohio Revised Code, provides that "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors." We are convinced on this record that both Better Records, Inc. and Samuel L. Ambrose intended the transfers and distributions as fraudulent conveyances to hinder, delay or defraud creditors. The facts show that petitioner managed and controlled the corporation when the transfers were made. He knew the extent of its assets and liabilities. With knowledge of the Federal taxes due by the corporation, he transferred the corporate assets to himself. We conclude that he did so to prefer himself over other creditors, particularly the respondent. Accordingly, *169 we hold that the petitioner is liable as transferee of Better Records, Inc. Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩